Anthony G. Brazil, SBN 84297
Marilyn Muir Jager, SBN 143988
Diana Kotler, SBN 217235
MORRIS POLICH & PURDY LLP
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Attorneys for Defendant,
CUSTOM NUTRITION LABORATORIES, LLC (ERRONEOUSLY SUED AS CUSTOM NUTRITION LABS, INC.)

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JESSICA HARDY,

Plaintiff,

v.

ADVOCARE INTERNATIONAL, L.P., CUSTOM NUTRITION LABS, INC., ARIZONA NUTRITIONAL SUPPLEMENTS, INC., and DOES 3-10, inclusive,

Defendants.

Case No.: 2:09-cv-01307-JHN (PJWx)

*The Honorable Magistrate Judge Patrick J. Walsh*

**~~[PROPOSED]~~ PROTECTIVE ORDER**

***FOR DISCOVERY AND DISCOVERY RELATED ISSUES ONLY***

The parties agree that certain documents produced in discovery in this case contain a trade secret or other confidential research, development, or commercial information. Accordingly, the parties have stipulated to the Court's entry of the Proposed Protective Order ("Order"), which shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to this action in connection with discovery in the litigation thereof.

1. When used in this Order, the following words shall have the following meanings:

a. "Documents" means (1) all written, recorded or graphic matter whatsoever and information produced on computer disks or tapes, including all written materials, and (2) any copies, reproductions or summaries of the foregoing, including microfilmed, imaged or electronic copies.

b. "Discovery Materials" means (1) documents or other information produced by any party or third person, whether pursuant to the Federal Rules of Civil Procedure, by subpoena or by agreement, other than documents that are publicly available; (2) interrogatory or other discovery responses; and (3) deposition testimony of any party or third person taken in this action, exhibits thereto and/or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing.

c. "Producing Party" means any party or third person producing discovery materials, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

d. "Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any discovery materials, or any part or content thereof.

e. "Confidential Discovery Materials" means any discovery materials that are designated in good faith as "Confidential" by any party or third person. Confidential Discovery Materials are those materials that constitute or contain trade secrets or other confidential research, development, or commercial information which may include proprietary information such as costs, pricing, budgets, customer lists and data, distributor lists and agreements, personnel files, and

other private and personal information relating to employees, product formulations, manufacturing procedures and standards, financial data, identity of suppliers, identity of manufacturers, trade secrets, consumer data, confidential research, business plans, strategies and data, marketing plans and strategies, and any other confidential or proprietary information not shared or disclosed to third parties.

f. "Attorneys of Record" means attorneys of record for any of the parties to this action, members of the firm of the attorneys of record for the parties, and any in-house attorneys who are employed by the parties.

2. Any Confidential Discovery Materials produced by the producing party and designated as such shall be used solely for the purposes of this litigation, and shall not be used for any other legal action, except by agreement of the parties or subject to a Court Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

3. Disclosure of Confidential Discovery Materials other than in accordance with the terms of this Order may subject the disclosing party to such sanctions and remedies as the Court may deem appropriate.

4. Subject to the terms, conditions, and restrictions of this Order, Confidential Discovery Materials may be disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Confidential Discovery Materials disclosed to them:

a. Persons employed by the Court and jury in connection with the handling of this action;

b. Attorneys of Record;

c. Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

d. Current employees, officers, partners or directors, representatives and agents of the parties;

e. Former employees, officers, partners or directors of the parties who are potential witnesses or deponents;

f. Outside experts or consultants provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains such expert's or consultant's agreement to the non-disclosure agreement described in paragraph 5 below;

g. Certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

h. Independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and other independent litigation support services retained for purposes of this litigation; and

i. Any other person who is designated by written stipulation of the parties to have access to Confidential Discovery Materials, or by order of the Court after notice to all parties upon a showing of good cause why such person shall be so designated and opposing parties have had an opportunity to be heard in opposition thereto.

5. Before disclosing any Confidential Discovery Materials to any person specified in paragraph 4(e), 4(f), 4(g), or 4(h), above, disclosing counsel shall advise said persons of this Order and said person must agree in writing to the non-disclosure agreement attached hereto as Exhibit A, which states that such persons agree (1) to be bound by the terms hereof, (2) to maintain Confidential Discovery Materials in confidence, and (3) not to disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. (Court personnel are not required to execute Exhibit A.) All deposition witnesses to whom Confidential Discovery

Materials are disclosed at deposition are hereby ordered (1) to maintain Confidential Discovery Materials in confidence and (2) not to disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. Each party shall maintain a file containing such certifications and, upon request, forward those certifications to the producing party within ten (10) days of such request. In no event shall any disclosure of Confidential Discovery Materials be made to competitors of Defendants, or to any other person, corporation or entity who, upon reasonable and good faith inquiry could be determined to be employees of or consultants for a competitor of Defendants, irrespective of whether they are retained as an expert by counsel for Plaintiff.

6. Any party desiring to designate particular Discovery Materials as Confidential Discovery Materials must place upon such materials in a conspicuous manner so as to not obliterate, cover, or interfere with the reading of such material a marking which reads: "CONFIDENTIAL - SUBJECT TO STIPULATED PROTECTIVE ORDER." In the event that only a portion of the Discovery Materials are to be designated as confidential, the party shall so designate by either bracketing the confidential portions of any Discovery Materials or otherwise informing the requesting party which portions are to be confidential. By designating Discovery Materials as "Confidential," the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

7. In addition, to protect against unauthorized disclosure of confidential personal information or invasion of the physician-patient privilege and/or individual privacy interests or rights, the parties may redact from Confidential Discovery Materials names, addresses, and other identifying information pertaining to: research subjects or patients; reporters of adverse events or persons or entities identified in such reports; and other individuals or entities whose names and other identifying information are protected from disclosure by the FDA or Defendants by the regulations of the Food,

Drug & Cosmetics Act, including, but not limited to, 21 C.F.R. §20.63, 21 C.F.R. §20.111, 21 C.F.R. §20.112, 21 C.F.R. §50.25, 21 C.F.R. §314.80, and 21 C.F.R. §803.9, by the regulations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or by any other relevant rules or regulations.

8. Discovery Materials disclosed at a deposition may be designated by a party as confidential by indicating on the record at the deposition that the specific part of the testimony and/or any exhibits marked for identification is confidential and is subject to the provisions of the Order. In such situations, the questions and answers designated as confidential may be transcribed separately from the remainder of the deposition. Counsel for any party may exclude from the room during any portion of a deposition any person not entitled under this Order to receive Confidential Discovery Materials while such materials are being disclosed and/or discussed. A party may also designate discovery materials disclosed at such depositions as confidential by notifying all parties in writing, within fifteen (15) days of receipt of the transcript by the attorneys of record for the designating party, of the specific pages and lines of the transcript which contain Confidential Discovery Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody or control. During such fifteen (15) day period, all Discovery Materials shall be treated as Confidential Discovery Materials.

9. By making any such Confidential Discovery Materials available during the course of this litigation, the producing party does not waive any trade secret or other confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Discovery Materials "confidential," the parties do not acknowledge that any such Discovery Materials are relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.

10. Inadvertent failure to designate Discovery Materials as confidential at the time of production may be remedied by supplemental written notice. If such notice is

given, the identified materials shall thereafter be fully subject to this Order as if they had initially been designated as Confidential Discovery Materials, provided that there shall be no sanction for any use or disclosure of such material prior to designation. The inadvertent disclosure by the producing party of Confidential Discovery Materials, regardless of whether such materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific discovery materials disclosed or as to any other Discovery Materials relating thereto or on the same or related subject matter.

11. If a party receiving Confidential Discovery Materials desires to disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make such disclosure shall obtain the written agreement of the producing party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court.

12. This Order is without prejudice to any party's right to assert the attorney-client, work-product, or other privileges or doctrines, or to any party's right to contest the designation of Confidential Discovery Materials. A party shall not be obligated to challenge the designation of any particular Discovery Materials as being confidential at the time such designation is made and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of Discovery Materials as being confidential, the parties shall first try to dispose of such dispute in good faith on an informal basis by conferring directly with counsel for the producing party. The challenging party must explain the basis for its belief that the designation was not proper and must give the producing party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the court. Any objections to such a designation, when made, shall be in writing and shall specify the nature of any objection. The

producing party making the designation shall have the burden of proof as to the restricted nature of any designated Confidential Discovery Materials. Any designated Confidential Discovery Materials shall remain as such under the terms of this Order until the Court makes a determination otherwise.

13. Nothing in this Order restricts or affects the rights of the producing party to use or disclose any Confidential Discovery Materials produced by such party. Any such use or disclosure of Confidential Discovery Materials by the producing party shall not be deemed a waiver of the terms of this Order. Nothing in this Order, or the production of any information under its terms, or any proceeding undertaken pursuant hereto, shall be deemed to have the effect of an admission or waiver by any Party of, or otherwise deemed to alter the confidentiality or non-confidentiality of, any information. Nor shall compliance with this Order operate as an admission as to the admissibility of any information.

14. All Discovery Materials provided by non-parties may be made, by separate written agreement, specifically subject to the terms of this Order. Such nonparties and/or the parties may designate Discovery Materials as confidential in accordance with this Order. Any designation by such non-parties and/or the parties shall have the same force and effect as if made pursuant to the terms of this Order. The provisions of paragraph 12 relating to a challenge on the assertion of confidential status shall apply to Discovery Materials designated confidential by nonparties.

15. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Discovery Materials. In the event disclosure of sealed materials is sought, no portion of the materials thus sealed shall be released except upon notice to the producing party made by the party or non-party seeking disclosure, proof of which shall be made to the Court, and after a full opportunity for hearing upon the matter.

16. Pursuant to Local Rule 79-5, any Confidential Discovery Material to be filed shall be filed manually, along with an application to seal. If a party wishes to file a document that has been designated confidential by another party, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an application for a sealing order and lodge the document, memorandum or other filing in accordance with Local Rule 79-5. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within fifteen days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.

17. Confidential Discovery Material may be introduced by any party at the time of trial or at any court hearing upon advance notice affording the producing party a reasonable opportunity to consider and respond to the proposed use of the information. At the time that such material is introduced, the Court shall issue such Order as it deems appropriate for maintaining the confidentiality of such material.

18. The Parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

19. At the conclusion of this litigation, including any appeals from any judgment or order entered by the Court and any retrial, at the request of the producing party, the receiving party shall forward all executed non-disclosure agreements to the producing party within thirty (30) days, retrieve all Confidential Discovery Materials from testifying experts, consulting experts, and any other person or entity to whom the receiving party has disclosed Confidential Discovery Materials, and, at its option, within thirty (30) days either: (1) destroy all received Confidential Discovery Materials by such party and shall certify in writing that such destruction has occurred; or (2)

return all received Confidential Discovery Materials to the producing party and certify in writing that all such discovery materials have been returned. If the producing party is not notified of which option the discovering party has chosen, it will be presumed that option (1) was chosen. Upon written request of the producing party, the discovering party shall confirm that one of the foregoing options has been implemented. However, notwithstanding any other provision of this paragraph, all Confidential Discovery Materials shall remain subject to this Order.

20. This Order shall be without prejudice to the right of the parties or any third person to request additional protection under applicable laws for discovery requests hereafter served by any party or to seek modification of this Order upon a showing of good cause.

21. The terms of this Order shall not be construed as any limitation upon the right of any party to offer into evidence any documents, response, or information designated as confidential.

22. A violation by any person of any provision of this Order shall be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available for breach of the terms of this Order.

23. This Order shall be binding upon the parties hereto, counsel for the parties, and upon the parties' and their counsels' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The parties, their counsel and employees of such counsel, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

24. This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations or organizations to whom this Order applies for purposes of enforcement of this Order following the conclusion of this action.

25. Nothing in this Order shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known or used by it if such information is lawfully obtained by the party other than through discovery of the producing party. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of a Producing Party.

**IT IS SO ORDERED.**

Dated: April 14, 2011

Patrick J. Walsh

Judge of the United States District Court

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT COURT OF CALIFORNIA**

JESSICA HARDY,

Plaintiff,

v.

ADVOCARE INTERNATIONAL, L.P., CUSTOM NUTRITION LABS, INC., ARIZONA NUTRITIONAL SUPPLEMENTS, INC., and DOES 3-10, inclusive,

Defendants.

Case No.: 2:09-cv-01307-JHN (PJWx)

*The Honorable Jacqueline H. Nguyen*

I, ______________________________, hereby certify my understanding that Confidential Discovery Materials are being provided to me pursuant to the terms and restrictions of an Order entered by the United States District Court, Central District of California, in connection with the action entitled *Jessica Hardy v. Advocare International, L.P., et al.*, Case No. CV09-1307-JHN (PJWx).

I further certify that I have been provided a copy of and have read the Order. I understand that the Order prohibits me from either using or disclosing Confidential

Discovery Materials for any purpose other than as set forth in and pursuant to the Order entered by the Court. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable as contempt of court.

Date: ______________________________

Signature: ___________________________